UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JESUS VALENTIN TORRES,

    Petitioner,

v.                                                                     CIV No. 24-1300-MIS-GJF

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al.*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Jesus Valentin Torres' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF 1) (Petition). Torres challenges his 2023 state murder conviction based on, *inter alia*, prosecutorial misconduct. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Torres to show cause why the Petition should not be summarily dismissed for failure to exhaust state remedies.

### BACKGROUND

The following background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-820-CR-2021-023. The state criminal docket is subject to judicial notice. *See Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 2022, Torres pled guilty to second degree murder. *See* ECF 1 at 1. The state court sentenced him to a total term of 15 years imprisonment. *Id.* Judgment was entered January 12, 2023. *See* Judgment in Case No. D-820-CR-2021-023. Torres did not file any state appeal. *See* ECF 1 at 2. Torres filed the instant § 2254 Petition on December 27, 2024. He seeks to vacate the state murder conviction on the grounds that he was acting in self-defense, and the prosecutor

allegedly committed misconduct. Torres did not prepay the $5.00 habeas filing fee or file a motion to proceed *in forma pauperis*. The Court will address that deficiency below and screen the Petition under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3). Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court (NMSC). "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

The Petition clearly reflects that Torres did not present his federal claims to the NMSC. The Petition states Torres did not appeal the criminal Judgment, seek review by the highest state court, or file any state habeas petitions. *See* ECF 1 at 2-3. Under each ground for relief, he also checked "no" in response to the questions regarding exhaustion. *Id.* at 5-6, 8. The Secured Odyssey Public

Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Torres has not filed any appeal with the NMSC.

For these reasons, the Court will require Torres to show cause in writing why his § 2254 Petition should not be summarily dismissed for failing to exhaust state remedies. If Torres seeks to stay the proceeding, he must show "good cause for his failure to exhaust, [that] his unexhausted claims are potentially meritorious, and" the absence of "intentionally dilatory litigation tactics." *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (holding the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) – which apply to mixed petitions – are also relevant where there is a total failure to exhaust). The show-cause response is due within thirty (30) days of entry of this ruling. By the same deadline, Torres must pay the $5.00 filing fee or file an *in forma pauperis* motion that attaches a copy of his inmate account statement. If Torres concedes the failure to exhaust, he does not need to respond to this Order, and he can instead pursue relief through a state habeas petition. The failure to comply with each directive may result in dismissal without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this ruling, Torres must: (1) file a response showing cause, if any, why his § 2254 Petition should not be dismissed for failure to exhaust state remedies; and (2) pay the $5.00 filing fee or, alternatively, file a motion to proceed *in forma pauperis* along with a copy of his inmate account statement.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE