## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JESUS VALENTIN TORRES,

      Petitioner,

v.                                                  CIV No. 24-1300-MIS-GJF

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al*,

      Respondents.

### ORDER DISMISSING UNEXHAUSTED HABEAS PETITION

THIS MATTER is before the Court on Jesus Valentin Torres's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, (ECF No. 1) (Petition). Torres challenges his 2023 state murder conviction based on, inter alia, prosecutorial misconduct. The Court previously directed him to show cause why the Petition should not be dismissed for failure to exhaust state remedies. Having reviewed Torres' Response and applicable law, the Court will dismiss the Petition without prejudice.

### BACKGROUND

The following background facts are taken from the Petition and Torres's state criminal docket, Case No. D-820-CR-2021-023. The state criminal docket is subject to judicial notice. *See Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 2022, Torres pled guilty to second degree murder. *See* ECF No. 1 at 1. The state court sentenced him to fifteen years imprisonment. *Id.* Judgment was entered on January 12, 2023. *See* Judgment in Case No. D-820-CR-2021-023. Torres did not file any state appeal. *See* ECF No. 1 at 2. Torres filed the instant § 2254 Petition on December 27, 2024. He seeks to vacate the state

murder conviction on the grounds that he was acting in self-defense, and the prosecutor allegedly committed misconduct.

By a ruling entered April 24, 2025, the Court screened the Petition and determined Torres failed to exhaust state remedies before filing his federal claims. The Court permitted Torres to show cause, if any, why this proceeding should not be summarily dismissed. *See* ECF No. 2 (Screening Ruling). Torres filed a timely Response. *See* ECF No. 3. The Court will consider whether the Response is sufficient to excuse the exhaustion requirement.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's custody violates federal law. *See* 28 U.S.C. § 2241(c)(3). Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court (NMSC). "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

Here, the Petition clearly reflects that Torres did not present his federal claims to the NMSC. The Petition states Torres did not appeal the criminal Judgment, seek review by the highest state court, or file any state habeas petitions. *See* ECF No. 1 at 2-3. Under each ground for relief, he also checked "no" in response to the questions regarding exhaustion. *Id.* at 5-6, 8. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Torres has not filed any appeal with the NMSC.

The Screening Ruling set forth these principles, including the standard for exhaustion and futility. In his Response, Torres recites the legal standard for overcoming a procedural bar. *See* ECF No. 3 at 1. Habeas petitioners can attempt to overcome a state procedural bar by showing that dismissing the claims without reviewing the merits would cause a miscarriage of justice. *See Davila v. Davis*, 582 U.S. 521, 528 (2017). A procedural bar generally only exists, however, where the state court has already rejected a claim on procedural grounds or where a claim "would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 (10th Cir. 2007). Torres can still exhaust his claims by filing a habeas petition in the state trial court and, if relief is denied, a certiorari petition with the NMSC. *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007) (discussing state habeas relief and noting "New Mexico does not impose a statute of limitations on habeas petitioners"). It therefore does not appear any state procedural bar applies in this case. However, even if one did apply, the Response is devoid of any facts showing cause for the procedural default or that the failure to consider the merits would result in a miscarriage of justice. See ECF No. 3.

Torres' Response also addresses futility. He contends "exhausting state remedies would be

futile because the Attorney General . . . never gave [him] a GSR test or DNA test," which deprived

him of his due process rights.  ECF No. 3 at 2.  According to Torres, these facts show there is no

opportunity to obtain redress in state court and/or that the state corrective process is deficient.  *Id.*

The Response fails to explain why Torres cannot present his arguments regarding insufficient

testing to the state court.  It appears Torres may wish to proceed in this Court because he does not

believe he will obtain relief in the New Mexico courts.  The Tenth Circuit has clarified that

"pessimism about [available] remedies does not excuse . . . [a habeas petitioner] from making an

attempt to invoke them before turning to federal court."  *Harvey ex rel. Chavez v. Star*, 96 F.3d

1453, 1069 (10th Cir. 1996).  *See also Angle v. Tafoya*, 586 F. App'x 483, 484–85 (10th Cir. 2014)

(petitioner's allegations that he "cannot obtain a fair and impartial ruling in state court" were

insufficient to excuse exhaustion).

For these reasons, the Response fails to demonstrate exhaustion would be futile or otherwise

overcome the requirement.  Moreover, the Response does not seek a stay of this proceeding while

he returns to state court to exhaust remedies.  *See* Screening Ruling at 3 (setting forth the legal

standard for obtaining a stay).  The Court will therefore dismiss the Petition without prejudice to

refiling after the exhaustion process is complete.  The Court will also deny a certificate of

appealability (COA) under Habeas Corpus Rule 11, as the failure to exhaust state remedies is not

reasonably debatable.  *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists

would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

Torres is reminded that to exhaust remedies, his next step is to file a habeas petition in the

state trial court, Case No. D-820-CR-2021-023.  If the state trial court denies relief, he may file an

appeal with the NMSC, rather than the New Mexico Court of Appeals.  *See* NMRA Rule 12-501

(permitting a direct appeal to the NMSC based on the denial of a state habeas petition by the trial court).

**IT IS ORDERED** that Jesus Valentin Torres's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**ECF No. 1**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE